## Case No. 10,639.
### OXLEY v. WILLIS.
[1 Cranch, C. C. 436.] [1]

Circuit Court, District of Columbia. July Term, 1807.

PARTNERSHIP — SETTLEMENT BY PARTNER — BALANCE DUE SUCH PARTNER BY FIRM'S DEBTOR.

If one of two partners has authority, after the dissolution of the firm, to collect the debts, and he opens a new account with a debtor of the firm, charging him with the balance due to the firm, and giving him credits for payments, and goods, &c., received, and there is found a balance in his favor; this balance is due to the bankrupt, and not to the firm.

The defendant was indebted to H. & T. Moore in a balance of $76. When the partnership of H. & T. Moore was dissolved, T. Moore continued to carry on the business, and was authorized by his partner to collect and pay the partnership debts, as far as the joint effects should come into his hands. After the dissolution, T. Moore opened an account with the defendant in his own name, in which account he charged the defendant with the said balance of $76, and gave him credit for goods delivered after the dissolution, striking a balance upon the whole, in favor of T. Moore, of $43.11. T. Moore, after the dissolution, and before the bankruptcy, advanced moneys on account of

[1] [Reported by Hon. William Cranch, Chief Judge.]
[2] [Reversed in 5 Cranch (9 U. S.) 34.]

[1] [Reported by Hon. William Cranch, Chief Judge.]

the partnership, to the amount of $1,378.62 more than there were partnership effects in his hands.

Verdict for the plaintiff, subject to the opinion of the court on the above facts.

Judgment for the plaintiff, (nem. con.) on the ground that T. Moore had the power to settle the account, and had actually discharged the defendant from the demand of H. & T. Moore, by closing their account; and having actually set off the debts against each other before the bankruptcy. Quære.